IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADOLPHUS MARCH,           § | | |
|     Plaintiff,           § | | |
| § | | |
| v.           § | | CIVIL ACTION NO. H-09-2422 |
| § | | |
| ABM SECURITY SERVICES, INC.,           § | | |
|     Defendant.           § | | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion to Transfer Venue ("Motion to Transfer") [Doc. # 8] filed by Defendant ABM Security Services, Inc. ("ABM"), to which Plaintiff Adolphus March filed a Response [Doc. # 12], and ABM filed a Reply [Doc. # 15]. Having reviewed the record and applied the venue provision of Title VII,[1] the Court grants the Motion to Transfer and transfers this case to the United States District Court for the Southern District of California.

Plaintiff, a fifty-year-old African American male, began working for ABM in San Diego, California, in December 2001. Plaintiff worked for ABM exclusively in San Diego until his employment was terminated in October 2006. Plaintiff filed this lawsuit in the Southern District of Texas, alleging that the decision to terminate his

---

[1]     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

employment was the result of race discrimination and retaliation in violation of Title VII.

ABM has moved to transfer this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1406(a) because venue in this district is improper. In Title VII cases, "venue is governed by the special venue provisions of the statute, not the general venue rules." *Adams v. Cal-Ark Intern., Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (citing 42. U.S.C. § 2000e-5(f)(3)).[2] The Title VII venue provision states that venue is proper:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Title VII also provides that "[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder." 42 U.S.C. § 2000e-16(d). "The provisions of 42 U.S.C. § 2000e-5(f)(3) are both mandatory and explicit." *Reynolds v. Geren*, 2008 WL 4891159, *2 (E.D.

---

[2] Plaintiff argues in his Response that the special venue provision of Title VII is intended to supplement the general venue provision to give Title VII plaintiffs increased options when filing suit. Plaintiff's argument, however, is unsupported by and contrary to the Title VII statute.

Tex. Oct. 23, 2008); *see also Kapche v. Gonzales*, 2007 WL 3270393, *3 (S.D. Tex. Nov. 2, 2007).  Consequently, a Title VII lawsuit must be brought in one of the three judicial districts identified in the statute if the defendant is found there.

In this case, it is undisputed that the allegedly unlawful termination of Plaintiff's employment occurred in San Diego, not in Texas.  The relevant employment records are located in San Diego, not in Texas.  Had he not been discharged, Plaintiff would have continued to work for ABM in San Diego, not in Texas.  It is also uncontroverted that ABM is found and is subject to personal jurisdiction in the Southern District of California.  Consequently, venue in the Southern District of Texas is improper under § 2000e-5(f)(3).

Plaintiff argues that venue in the Southern District of Texas is appropriate because ABM's predecessor, American Commercial Security Services, Inc. ("ACSS"), has its principal office in Houston, Texas.  Plaintiff's argument fails for two reasons.  First, the statute provides for venue in the judicial district where the defendant has its principal office only "if the respondent is not found" in any of the three specified districts.  42 U.S.C. § 2000e-5(f)(3).  This catch-all provision does not allow a plaintiff to avoid the Title VII special venue provisions and file a lawsuit in a district where the defendant has its principal office where, as here, the defendant is found in at least one of the districts identified for Title VII venue.

Moreover, even if a Title VII plaintiff could file his lawsuit in the judicial district where the defendant has its principal office without consideration of the other provisions of § 2000e-5(f)(3), the evidence establishes that ACSS, ABM's predecessor, is no longer in existence and is not a defendant in this case. ABM, the only defendant and Plaintiff's former employer, has its principal office in California, not in Texas. The Southern District of Texas is not an appropriate venue for this Title VII lawsuit.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 2000e-5(f)(3) provides that, for purposes of 28 U.S.C. § 1404 and § 1406 – which allow the district court to transfer a case to a district where it might have been brought – the judicial district in which the defendant has its principal office is considered a district in which the case might have been brought. As a result, at ABM's request and in the interest of justice, the Court will transfer this case to the Southern District of California rather than dismiss the case for improper venue. It is, therefore,

**ORDERED** that ABM's Motion to Transfer Venue [Doc. # 8] is **GRANTED**. The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **7**<sup>th</sup> day of **January, 2010**.

_____
Nancy F. Atlas
United States District Judge