IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ADOLPHUS MARCH,            §
    Plaintiff,            §
                       §
v.            §            CIVIL ACTION NO. H-09-2422
                       §
ABM SECURITY SERVICES, INC.,            §
    Defendant.            §

**<u>MEMORANDUM AND ORDER</u>**

By Memorandum and Order [Doc. # 19] and Transfer Order [Doc. # 20] entered January 7, 2010, this case was transferred to the United States District Court for the Southern District of California.  The case is now before the Court on Plaintiff's "Motion for Reconsideration of the Court's Rulings Contained Within Its Memorandum and Order of January 7, 2010; and Motion to Set Aside Transfer Order or, In the Alternative, for a Short Stay of the Transfer Ruling Pending Completion of Brief Discovery in Response to Defendant's Motion to Transfer Venue" ("Motion for Reconsideration") [Doc. # 21].  The record in this case has been transmitted to the Southern District of California and, as a result, this Court lacks jurisdiction to consider Plaintiff's Motion for Reconsideration."  *See, e.g., Pendleton v. Armortec, Inc.*, 729 F. Supp. 495, 497 (M.D. La. 1989) (citing *In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir. 1963)).

Even if the Court had jurisdiction to consider the Motion for Reconsideration, the Court would not alter its ruling.  Plaintiff relies on the final sentence of 42 U.S.C. § 2000e-5(f)(1), which provides that "[*f*]*or purposes of sections 1404 and 1406 of title 28*, the judicial district in which the [defendant] has his principal office shall in all cases be considered a district in which the action might have been brought."  42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Each of the cited sections permits transfer of a civil case only to a district where the lawsuit could have originally been filed. The Title VII venue statute clarifies that, for purposes of those transfer statutes, the defendant's home district is deemed a district in which the case could have been brought.  *See, e.g., In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003) (discussing motion to transfer venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses).  The final sentence does not replace the prior sentence, which states clearly and unequivocally that the district in which the defendant has its principal office is a proper venue only "if the [defendant] is not found" within any of the three specified districts.  *See* 42 U.S.C. § 2000e-5(f)(3); *Maldonado v. PTS Corp.*, 2007 WL 1745640, *1 (W.D. Tex. Jan. 11, 2007) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).  The final sentence relied on by Plaintiff does

not provide an additional basis for venue under Title VII.  *See, e.g., Tucker v. United States Dept. of Army*, 42 F.3d 641, 1994 WL 708661, *2 (5th Cir. Dec. 6, 1994).[1]

Plaintiff argues that equitable considerations should trump the statutory venue provision for Title VII cases.  In support of his argument, Plaintiff cites only cases holding that the requirements of 2000e-5(e) (regarding the time for filing a charge with the Equal Employment Opportunity Commission) are non-jurisdictional and can be subject to equitable considerations.  Plaintiff cites no cases holding that the Title VII venue provisions can be modified based on equitable considerations.  Moreover, the "equitable considerations" on which Plaintiff relies are that Plaintiff has now moved to Texas (though not to the Southern District of Texas) and Defendant is a large corporation.  The Court does not find that these "equitable considerations," even if relevant to the venue analysis under Title VII, would preclude application of the statutory venue requirements.  Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration [Doc. # 21] is **DENIED**.

---

[1]     In *Tucker*, the Fifth Circuit quoted the full text of § 2000e-5(f)(3).  Noting that the alleged discrimination occurred in Texas, the relevant employment records were in Texas, and the plaintiff (who had moved to Louisiana) would have continued to work in Texas but for the alleged discrimination, the Fifth Circuit held that "under the special venue provision of Title VII, venue is appropriate only in Texas."  *Tucker*, 42 F.3d at *2.

SIGNED at Houston, Texas, this **12th** day of **January, 2010**.

Nancy F. Atlas
United States District Judge