# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPHUS MARCH, <br><br> Plaintiff, <br> vs. <br><br> ABM SECURITY SERVICES, f.k.a. AMERICAN COMMERCIAL SECURITY SERVICES, INC.; and ABM INDUSTRIES, INC., <br><br> Defendants. | CASE NO. 10cv0082 JM(BGS) <br><br> ORDER GRANTING MOTION TO RETAX COSTS |

On July 14, 2011, Pursuant to Fed.R.Civ.P. 54(d) and Local Rule 54.1, the Clerk of Court taxed costs against Plaintiff in the amount of $ 7,262.22. In an opposed motion, Plaintiff moves to retax costs.

A prevailing party is generally entitled to costs under Rule 54: "costs - - other than attorneys' fees - - should be allowed to the prevailing party." Rule 54(d) "creates a presumption in favor or awarding costs to prevailing parties." Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999). In Stanley, the plaintiff, hired as the head women's basketball coach, brought an action against USC alleging claims for violation of the Equal Pay Act, FEHA, California Constitution, Title IX, retaliation, wrongful discharge, and several other state claims. The district court granted summary judgment in favor of USC and awarded costs, as a matter of course, to USC. In a motion to retax costs, Stanley argued; (1) the costs were excessive; (2) that she was the prevailing party because she obtained a TRO; (3) that forcing civil rights plaintiffs, like herself, to pay costs will

1 have the chilling effect of dissuading other civil rights plaintiffs from bringing meritorious suits; (4)
2 that she is unable to pay without being rendered indigent.  The district court concluded that these
3 arguments did not overcome the presumption in favor of taxing costs to the losing party.

4       The Ninth Circuit reversed the district court's denial of the motion to retax costs as an abuse
5 of discretion.  The district court abused its discretion in failing "to consider two factors; Stanley's
6 indigency, and the chilling effect of imposing such high costs on future civil rights litigants."  Id.

7       Here, Plaintiff demonstrates his indigency and that the imposition of costs would only further
8 impose financial burden on Plaintiff.  (March Decl., Ct. Dkt. 161-1).  Plaintiff declares that he is
9 unemployed, resides with relatives in New Mexico, and possesses about $50 in assets.  Id.  The court
10 further concludes that "the imposition of such high costs on losing civil rights plaintiffs of modest
11 means may chill civil rights litigation in this area."  Id.  Although a close issue, the court grants the
12 motion to retax costs because of Plaintiff's indigency and the potential impact on the prosecution of
13 employment discrimination claims under Title VII of the Civil Rights Act of 1964.

14       In sum, the court grants the motion to retax costs.

15       **IT IS SO ORDERED.**

16 DATED:  May 14, 2012

17                                        Hon. Jeffrey T. Miller
18                                        United States District Judge

19 cc:        All parties